DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant William J. Kahl has appealed from an order of the Lorain County Common Pleas Court that denied his pro se
post-sentence motion to withdraw his guilty plea. He has argued that the trial court incorrectly denied his motion without a hearing.[1] This Court affirms the judgment of the trial court because defendant's motion was an untimely-filed petition for postconviction relief and failed to meet the criteria set out in Section 2953.23(A) of the Ohio Revised Code, which governs such petitions.
 I.
On July 21, 1993, defendant was indicted on one count of intimidation, a violation of Section 2921.03(A) of the Ohio Revised Code, with a specification that he had previously been convicted of a prior violent offense, and on one count of driving under the influence of alcohol, a violation of Section4511.19(A)(1) of the Ohio Revised Code. He initially pleaded not guilty, but changed his plea to guilty on December 23, 1993. On that day, he was found guilty on both counts and on the specification. He was sentenced to two to ten years on the intimidation count and six months on the driving under suspension count. Both were to be served concurrently with a sentence he was serving in New York.
On April 17, 1997,[2] defendant moved the trial court for leave to withdraw his guilty plea, claiming that his attorney had been ineffective for two reasons pertinent here. The first reason was his attorney's alleged failure to investigate the specification on the indictment, which, according to defendant, was based on a nonexistent 1956 robbery conviction in New Jersey. The second reason was his attorney's alleged promise to him that a plea of guilty would result in a sentence that would be concurrent with, and last only as long as, the sentence he was already serving in New York. He submitted his own affidavit in support of the motion. The trial court denied the motion without a hearing on June 5, 1997. On June 12, 1997, defendant moved the trial court for leave to supplement the documentary support for his motion, and included documents purporting to be copies of New Jersey criminal records showing that, in 1956, defendant had been charged with several counts of automobile larceny and that all but one had been dismissed, which one had resulted in a conviction. The trial court did not rule on the motion to supplement. Defendant timely appealed to this Court.
 II.
Defendant's sole assignment of error is that the trial court incorrectly denied his motion without a hearing. Specifically, he has argued that he presented sufficient evidence to warrant a hearing on his claims that his attorney was ineffective in: (1) failing to investigate his assertion that he had not been previously convicted of robbery, as specified in the indictment; and (2) misrepresenting to him the nature of the sentence he would receive if he pleaded guilty. Defendant has asserted that, if he had known he could receive a longer sentence than his attorney allegedly represented to him, he would not have pleaded guilty.
Because defendant, subsequent to the time for his direct appeal, filed a motion seeking vacation of his sentence (so he could be retried) on the basis that his constitutional rights (to effective assistance of counsel) were violated, this Court must construe his motion as a petition for postconviction relief as defined in Section 2953.21 of the Ohio Revised Code. See State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus; State v. Dubois
(Nov. 12, 1997), Wayne App. No. 97CA0019, unreported, at 3; andState v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, at 3. Section 2953.21(A)(2) provides that, when there has been no direct appeal from a conviction, a petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Defendant was convicted and sentenced on December 23, 1993. His notice of appeal was due within thirty days of the conviction. See Rule 4(A) of the Ohio Rules of Appellate Procedure. His motion to withdraw his guilty plea was filed April 17, 1997, well outside the one-hundred-eighty-day limit for filing a postconviction relief petition. An exception to the one-hundred-eighty-day limit allowed petitioners who, like defendant, had been convicted prior to September 21, 1995, to file petitions for postconviction relief up until September 21, 1996, and still have them considered timely filed. See, e.g., State v.Hilton (Oct. 29, 1997), Summit App. No. 18447, unreported, at 3-4. Defendant, however, did not file before that date. His motion, therefore, was an untimely-filed petition for postconviction relief.
Section 2953.23 of the Ohio Revised Code governs untimely petitions for postconviction relief. See, e.g., State v.Kasubienski (Nov, 12, 1997), Lorain App. No. 97CA006684, unreported. Under that statute, a trial court is forbidden to entertain an untimely petition for postconviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty (or, if applicable, found him eligible for the death penalty) but for constitutional error at trial. See Section 2953.23(A) of the Ohio Revised Code.
A review of defendant's petition reveals that it did not meet the first criterion of Section 2953.23(A). According to defendant's arguments, the facts upon which he relied in his petition were known to him long before the period for timely filing the petition expired: he knew of the alleged invalidity of the prior offense specification before he even entered his plea, and knew at the time of conviction, if not before, that the sentence he was receiving was longer than that which he had anticipated. Defendant, therefore, failed to show that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Nor did he even argue that any rulings by the United States Supreme Court, subsequent to his one-hundred-eighty-day filing period, recognized a new federal or state right that applied to him. See Section 2953.23(A) of the Ohio Revised Code. Because defendant's petition had to meet both criteria of Section 2953.23(A), this Court need not reach the issue of whether it met the second one. Pursuant to Section2953.23(A), the trial court was not permitted to entertain defendant's petition, much less grant it. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
REECE, J. CONCUR.
[1] Defendant's assignments of error have been consolidated for ease of discussion.
[2] The motion was not separately file-stamped by the clerk of the trial court; it appears, however, to have been filed along with defendant's motion to proceed in forma pauperis, which was filed on April 17, 1997, and which was denied at the same time as the motion to withdraw the guilty plea was denied.